MAILE of Taputimu, PUA of Taputimu, and
EPATI of Leone, Plaintiffs

v.

FAAALIGA SII of Taputimu, Defendant

## No. 21-1949

## High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Tulifua" of Taputimu]

## August 1, 1949

A. A. MORROW, *Chief Justice;* and NUA, *District Judge.*

DECISION

Heard at Fagatogo, June 27, 1949.
Lutu for Maile; Meauta for Pua; Save for Epati; Puaa-
tuua for Faaaliga Sii.

MORROW, *Chief Justice.*

This is a proceeding to determine the right to the succession to the matai name Tulifua of Taputimu. Faaaliga Sii filed his application to be registered as the holder of the title. Maile, Pua and Epati each filed an objection to the proposed registration and became a candidate for the name. This litigation has resulted. The requirements for eligibility to hold a matai name are prescribed by Sec. 926 of the A. S. Code. All of the candidates according to the evidence meet the requirements of this section and hence are eligible to hold matai names.

Sec. 933 of the Code provides:

"In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

1. The wish of the majority or plurality of the family.

2. The forcefulness, character, personality and capacity for leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government of American Samoa."

Each candidate filed a petition with the court purporting to be signed by various members of the Tulifua family in support of his candidacy. There were 52 signatures on Maile's petition, 68 on Pua's, 37 on Epati's, and 97 on Faaaliga Sii's. Each candidate testified that all of the signers on his petition were members of the family. There is very serious conflict in the testimony as to whether the majority of the signers on Maile's and Faaaliga Sii's petitions belong to the family. Epati testified that 70 of the signers on Faaaliga's were not family members. Tuitele, who was the last holder of the Tulifua title and who according to the evidence has been looking after the affairs of the Tulifua family since he became the Tuitele in 1941, testified that, in addition to the 70 named by Epati, Lakai, Silia and Masoli, also on Faaaliga's petition, were not members of the family. Tuitele also testified that "Most of the people on Maile's petition are not members of the Tulifua family, they are Maile's family members." There are 12 signers on Maile's petition under 14 years of age. These cannot be counted. *Aufata v. Falemalu,* No. 95-1948 (Am. Samoa); *Moa v. Faasa,* No. 27-1948 (Am. Samoa). Deducting the 12 we have left 40 names. Epati testified that 25 of the signers on Maile's petition were not family members. However, he included in the 25 Maile himself and the 12 under 14 years of age. We think the objection to

498

Maile himself is not well taken. We conclude from the testimony that not over 28 on Maile's petition were family members entitled to sign. It was admitted by all the candidates except Maile that all of the 37 signers on Epati's petition were members of the family. Maile testified that 5 of the 37 were not. Maile and Faaaliga admitted that the 68 on Pua's petition were members of the Tulifua family. Epati claimed that some of them were not, without stating the number or giving their names. In view of the fact that Tuitele was the Tulifua from 1933 to 1941 and has been looking after the affairs of the family since that time we think that we must give considerable weight to his testimony as to its membership. We must either disregard his testimony by saying that he does not know the membership of the family of which he was the matai for eight years and that he was misleading the court, or we must give weight to it and say that he knows the membership of the family and was telling the truth. Both the Samoan judge and the writer of this opinion believe he was telling the truth.

We conclude from the evidence that a plurality of the family members favor Pua for the title; that the next greatest number favor Epati; that the next greatest number favor Maile; and that the smallest number favor Faaaliga Sii. It follows, therefore, that on the issue of the wish of the majority or plurality of the family Pua prevails with Epati second, Maile third, and Faaaliga fourth.

Maile completed the seventh grade in school. He was the foreman of 35 or 40 men engaged in clearing the bush at the Tafuga airbase at the beginning of the war. He was also foreman of a gang of stevedores engaged in unloading military supplies from ships during the war. Before the war he was a foreman at the Island Government farm. He speaks English. He testified that he had an income from the sale of products of his plantations, including mats and poultry of "$100.00 a month on the average." He is 45 years old.

Faaaliga completed the sixth grade in school. He is 40 years old. Prior to the war he was in charge of supplies at the Atauloma School. He has been a matai for ten years. During the war he worked as a laborer on a drilling gang and as a stevedore. He was Pulenuu of the village of Taputimu for two years during the war and is its present Pulenuu. He has plantations from which he testified that he derived an income of about $100.00 a month. He speaks no English.

Epati testified that he "graduated from the 8th grade at the Marist Brothers School." However, it is a matter of common knowledge, of which this court may take judicial notice, that at the time Epati graduated in 1910 education in American Samoa did not go beyond the seventh grade. Epati joined the Fita Fita Guard in 1916 becoming a hospital corpsman. In 1936, after having served 20 years, he was transferred to the Fleet Reserve. He is now fully retired with pay of $70.40 per month. During the war he was recalled to active duty. He is an experienced carpenter. He has plantations and makes some Samoan curios from which he testified he derives an income of about $500.00 a year. He speaks English. He is the leader of the young men in Lealataua County from Leone to Fagamalo. He is 54 years old.

Pua is 64 years of age and speaks a little English. He testified that he finished the sixth grade at Fagalele School. He worked as a stevedore during the war. He also worked at the Tafuga airbase clearing bush land. He testified that he had an income of about $100.00 a month from his plantations, mats, etc.

In his final argument to the court Meauta, counsel for Pua, sized up the situation with respect to him by saying that "Pua as we all know is a very old man. At the present time I would say he has no value to the Government of American Samoa according to his age but living for a long

period in the Tulifua family and serving that title without interrupting any of the family of the Tulifua family shows his value to the family and Government of American Samoa." The court had an opportunity to observe the personalities of all of the candidates at the hearing. In view of all the evidence and our observations we think that candidates Maile and Faaaliga rank first with respect to the issue of forcefulness, character, personality and capacity for leadership. We regard them as being substantially on any equality on this issue. Maile is 45 years old, Faaaliga 40. Both are in the prime of life. Ranking second is Epati, 54 years of age; third Pua, 64 years of age and as his counsel says "a very old man" and of "No value to the Government of American Samoa according to his age . . ."

Each of the candidates filed a statement of his genealogy which was admitted in evidence. Maile is the great-great-grandson of Tulifua Taunuuga. He has $1/16$ Tulifua blood in his veins. Epati is the great-grandson of Tulifua Toomata. He has $1/8$ Tulifua blood in his veins. Faaaliga answered "No" to the question "Do you have any ancestor who was named Tulifua?" He has no Tulifua blood in his veins. He did testify that one of his ancestors was a sister of a Tulifua and that his grandfather's brother was Tulifua Noaese. Pua admitted on the witness stand that he had no Tulifua blood in his veins; however he stated that his brother Sianini was a Tulifua and that his mother's brother was likewise a Tulifua. We conclude from the evidence that on the issue of hereditary right Epati stands first, Maile second, Pua and Faaaliga third.

The value of the holder of a matai name to the Government depends mostly upon the skill with which he handles the affairs of his family. A good matai is of more value to the government than a poor one. Obviously the skill with which a matai handles the affairs of the family depends mostly upon his forcefulness, character, personality and

capacity for leadership. We conclude from the evidence and our observations of the candidates at the hearing that Maile and Faaaliga stand on substantially the same basis with respect to the issue of the value of the candidate to the government; that Epati stands second and Pua third. As we have stated Pua is 64 years of age and is in his declining years.

While Pua stands first among the candidates on the issue of the wish of the majority or plurality of the family, he stands lower than the others on the other three issues. Under the statute, Sec. 933, supra, of the Code we must give more weight to the wish of the majority or plurality of the family than to the forcefulness, personality, character, and capacity for leadership of the candidate. We must give less weight to the matter of hereditary right than to forcefulness, personality; character and capacity for leadership. We must give the least weight to the value of the holder of the matai name to the government. However, we think that it was the intention of the Fono that adopted what is now Sec. 933 that the wish of the majority or plurality of the family should not be given as much weight in awarding a matai name as the other three matters set out in the statute put together. In view of this interpretation of the statute the court should not award the title to Pua despite the fact that he prevails over the other candidates on the first issue. Putting Pua's candidacy to one side, Epati prevails over Maile and Faaaliga on the first and third issues and they prevail over him on the second and fourth. Since the statutes require the court to be guided by the matters set out therein "in the priority listed" it follows that we must give more weight to the "wish of the majority or plurality of the family" and to "the best hereditary right" than we do to "forcefulness, character, personality and capacity for leadership" and "the value of the holder of the matai name to the Government of American Samoa." It follows

therefor [sic] that Epati, prevailing over Maile and Faaaliga on the first and third issues, should be awarded the title Tulifua despite the fact that we find that they prevail over him on the second and fourth issues.

It is ORDERED, ADJUDGED and DECREED that Epati be registered as the Tulifua. The Registrar of Titles will be so advised.

Costs in the amount of $8.34 are hereby assessed against Maile; a like amount against Faaaliga Sii and a like amount against Pua. Costs are to be paid within 30 days.